STATE *vs.* SAMUEL B. ERSKINE, Ap't.
SAME *vs.* SAME.
SAME *vs.* SAME.

Lincoln, 1876.—March 6, 1877.

*Search warrant. Intoxicating Liquors.*

It is legally competent for a magistrate in making a search warrant to adopt the complaint as a part of it, and issue both together as one instrument. In so doing the complaint does not lose its identity; but the place and property described in the one is described in both.

An allegation in the complaint that intoxicating liquors were kept and deposited in the place designated, and intended for sale by the person named in violation of law within this state, is an allegation that such keeping and deposit are unlawful.

In the case of a seizure of liquors without a warrant, an allegation in the complaint, that at the time and place of seizure the place being described as within a specified county, the person making the seizure was a sheriff, duly qualified to serve a warrant in such cases, is a sufficient allegation of his competency to make the seizure.

ON EXCEPTIONS to the overruling of demurrers and motions of the defendant.

ON COMPLAINTS AND WARRANTS, in three cases presented together and sufficiently stated in the opinion.

*A. P. Gould & J. E. Moore,* for the defendant.

*L. A. Emery,* attorney general, for the state.

DANFORTH, J.   In each of these three cases the respondent was arrested for having in his possession intoxicating liquors with intent to sell the same in violation of law.   Two of them are warrants of search and seizure, the other a warrant of seizure alone. They come before the court upon a demurrer to the complaints

and a motion to dismiss the warrants. Several objections are made to both warrants and complaints.

It is claimed that the warrants for search contain no description of the premises to be searched. If the warrants were to be taken independent of the complaint, this objection would have a foundation in fact and might perhaps be fatal to their validity. But no suggestion is made that the premises to be searched are not sufficiently described in the complaint, nor do we perceive any deficiency in this respect. In the warrant are these words, viz : "you are commanded to enter the premises named in the foregoing complaint of said James E. Morse, which is expressly referred to as a part of this warrant and therein search," etc.

By well settled law the complaint is thus made a part of the warrant and has precisely the same effect as though written out in full therein. The description in the complaint is therefore the description in the warrant. Nor is it by such process taken out of the complaint. It still remains in that and is therefore in both complaint and warrant. It is true as contended that the complaint is the authority upon which the justice issues his warrant ; but we are aware of no principle of law requiring him to keep it in his possession. The practice of making the complaint a part of the warrant and issuing both to the officer, has been a practice so long sanctioned by the courts, and no inconvenience or illegality found in it, that there can be no reason for changing it.

It is also objected that there is no designation of the thing to be seized. But in the complaint we find all the description which can be given, or which the law requires; and in this respect as well as in the other the complaint is made a part of the warrant. The adoption is limited to no particular part ; and where the officer is commanded "to enter said premises and search for said liquors," it means, and can mean no other than such as are described in this complaint.

The several complaints are objected to because they do not allege "that the liquors were unlawfully kept and deposited." The same objection was raised on demurrer and overruled in *State* v. *Connelly*, 63 Maine, 212.

In the second case in the order named which is a complaint for

keeping liquors seized before warrant issued, the objection raised is that the complaint does not sufficiently set out the authority of the person making the seizure, as it does not state that he was at the time a sheriff in any particular county or "where he has jurisdiction to seize liquors on a warrant." On examination we find in the complaint an allegation "that he the said James E. Morse, at said Wiscasset, on the twenty-eighth day of August, A. D. 1875, being then and there an officer, to wit: sheriff duly qualified and authorized by law to seize intoxicating liquors kept and deposited for unlawful sale," etc. Previous to this the complaint alleges that on the same day, "at said Wiscasset;" the liquors in question "were kept and deposited," and Wiscasset had been stated to be in the county of Lincoln. This seems to be about as clear a statement as possible that at the time and place of the seizure James E. Morse was a sheriff duly qualified, and as the place was in the county of Lincoln, he must necessarily have been a sheriff in that county and have had jurisdiction to seize the liquors where they were seized.

The entry in all the cases must be

*Exceptions overruled.*
*Judgment for the state.*

APPLETON, C. J., WALTON, VIRGIN, PETERS and LIBBEY, JJ., concurred.